UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | File No. 1:09-CR-37 |
| | : | |
| CHRISTOPHER D. BRUMETT, | : | |
| Defendant. | : | |

## RULING ON MOTION TO DISMISS THE INDICTMENT
(Paper 16)

On March 26, 2009, a federal grand jury in Vermont indicted Defendant Christopher D. Brumett with one count of traveling in interstate commerce and knowingly failing to update his registration as a sex offender as required under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250(a). Brumett moves to dismiss the indictment, arguing he has not been convicted of a "sex offense" as defined under SORNA. The Government asserts Defendant is required to register as a sex offender due to his 2005 conviction in California for "annoying or molesting a child under 18" in violation of California Penal Code § 647.6(a).

SORNA defines a "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense" is defined, in relevant part, as "(i) a criminal offense that has an element involving a sexual act or sexual contact with another" and "(ii) a criminal offense that is a specified offense against a minor". Id. § 16911(5)(A)(i),(ii). A "specified

1

offense" against a minor is defined as "(H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct" and "(I) Any conduct that by its nature is a sex offense against a minor."  Id. § 16911(7)(H),(I).

Brumett argues the offense of "annoying or molesting a child under 18" in violation of California Penal Code § 647.6(a)(1) is not a "sex offense" under SORNA because it does not include an essential element involving a sexual act or sexual contact. Section 647.6(a)(1) states, "Every person who annoys or molests any child under 18 years of age shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment."  Brumett argues "to annoy" under § 647.6(a)(1) means only "to disturb or irritate, especially by continued or repeated acts" and "molest" is "in general, a synonym for annoy." People v. Lopez, 19 Cal. 4th 282, 289-90, 965 P.2d 713, 717 (1998) (citing People v. Pallares, 112 Cal.App.2d Supp. 895, 901, 246 P.2d 173, 176 (1952)).  Based on this language, Brumett argues his conviction under § 647.6(a)(1) is, by definition, not a "sex offense" under SORNA.  The Court disagrees.

The California Supreme Court went on to explain in Lopez that with respect to the California Penal Code, the terms "'[a]nnoy' and 'molest' ordinarily relate to offenses against

2

children, with a connotation of abnormal sexual motivation." 19 Cal. 4th at 290.  Accordingly, a defendant violates § 647.6(a) only where his actions constitute "(1) conduct a normal person would unhesitatingly be irritated by, and (2) conduct <u>motivated by an unnatural or abnormal sexual interest</u> in the victim." <u>Id.</u> at 289 (emphasis added) (internal citations and quotation marks omitted).  Brumett's conviction therefore qualifies as a "specified offense" against a minor under 42 U.S.C. § 16911(7)(I) because the offense involves "conduct that by its nature is a sex offense against a minor."  Accordingly, the Court finds Brumett committed a "sex offense" under SORNA and was required to abide by the statute's registration requirements.  This finding is supported by the fact that Defendant's plea to the offense required him to register as a sex offender under California law. <u>See</u> Cal. Penal Code § 290(c) (requiring persons convicted of violating § 647.6 to register as a sex offender).

    Defendant Brumett's Motion to Dismiss the Indictment is DENIED.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 7th day of July, 2009.

                                       /s/ J. Garvan Murtha
                                       Honorable J. Garvan Murtha
                                       United States District Judge