UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

      v.                                    Criminal No. 1:09-CR-37

Christopher Brumett,

      Defendant.

## REPORT AND RECOMMENDATION
(Doc. 37)

Christopher Brumett, proceeding pro se, has moved to correct his sentence pursuant to 28 U.S.C. § 2255. On January 13, 2010, Brumett was convicted following his plea of guilty to one count of traveling in interstate commerce and failing to update his registration under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Brumett, sentenced to a 21 month term of imprisonment, pursued no appeal. He now contends that he was convicted of a misdemeanor, and that his sentence should have been limited to a 12 month term. For the reasons set forth below, I recommend that Brumett's motion be DENIED.

## Background

The records of this Court reveal that on March 26, 2009 an indictment was filed charging Brumett with one count of knowingly failing to update his registration under SORNA, as a person required to register under SORNA, having traveled in interstate commerce in violation of 18 U.S.C. § 2250(a). On May 12, 2009, defense counsel filed a motion to dismiss the indictment, arguing that Brumett's underlying misdemeanor

conviction in California for Annoying a Child under the Age of 18, in violation of the California Penal Code § 647.6(a), was not a "Sex Offense" requiring later registration under 42 U.S.C. § 16911(5)(A).  (Doc. 16.)   United States District Judge J. Garvan Murtha denied the motion, concluding in a written opinion that under California law the term "annoying" a minor child required conduct that was motivated by unnatural or abnormal sexual interest in the minor victim.   Consequently, the Court concluded that the California offense was a "specified offense" under SORNA as it involves "conduct that by its nature is a sex offense against a minor."   42 U.S.C. § 16911(7)(I).   (Doc. 20.)

    Mr. Brumett was the subject of a competency examination conducted at the Federal Bureau of Prisons's Medical Center in Ayer, Massachusetts.   The forensic psychologist concluded that Brumett understood the nature and consequences of the proceedings against him and was able to assist in his own defense.   On October 14, 2009, a plea agreement was filed by the parties.   In the signed agreement, Brumett agreed to plead guilty to the sole count of the indictment charging the § 2250(a) violation.   Relevant to this motion in paragraph two of the agreement, Brumett acknowledged his understanding that the Court could impose the maximum statutory penalty on Brumett, being "up to /not more than 10 years of imprisonment."   On the same date, Brumett appeared before Judge Murtha and pled guilty to the charge pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The transcript of that hearing reveals that Judge Murtha explained to Brumett that the Court could impose up to a ten year term of imprisonment, a term of supervised release of at least five years up to a lifetime term, together with a fine.   Under oath, Brumett

acknowledged an understanding of the maximum penalties. (Doc. 43 at 8.) Later in that Rule 11 proceeding, Judge Murtha advised Brumett that he was "pleading guilty to a felony" and that if the Court accepted his plea "you will be found guilty of a felony."[1] Judge Murtha accepted the plea, concluding that it was entered competently and voluntarily, with a full understanding of its consequences. (Doc. 43 at 21.)

A presentence report ("PSR") was prepared by the United States Probation Office in anticipation of Brumett's sentencing. Defense counsel filed an affidavit stating that counsel had met with Brumett and had reviewed the PSR with him. (Doc. 32-2.) The report concluded that Brumett faced an advisory sentencing guideline range of 21-27 months, based on an offense level of 10 and a criminal history category of V.

On January 12, 2010, Brumett appeared for sentencing before Judge Murtha. The Court indicated that it had read the parties' sentencing memoranda, and had read and considered the PSR. No objection to the sentencing guideline calculation set forth in the PSR was advanced. The Court heard sentencing arguments from counsel for the defendant seeking either a departure from the advisory sentencing guideline range or, alternatively, a non-guideline sentence under 18 U.S.C. § 3553(a). Brumett addressed the Court, apologized for his conduct and asked for leniency. When the Court indicated its intent to adhere to the advisory sentencing range and to impose a sentence of 21 months, Brumett interjected, asking the Court to consider "a sentence of less than 18 months or 14

---

[1] After Judge Murtha informed Brumett that he was pleading guilty to a felony, Brumett was asked if he understood that he was pleading to a felony offense. Brumett answered affirmatively. Although the transcript reflects an admonition from the district judge that "you have to say yes," I interpret that instruction as being in response to silent, yet affirmative, nodding by the defendant as it is decidedly unlikely the Court would *order* an accused person to respond affirmatively.

months or 15 months" adding that 21 months was "almost another year and a half in prison." (Doc. 41 at 11.)   Noting Mr. Brumett's significant criminal history, the Court declined to vary from the advisory sentencing guideline range and imposed the 21 month term.   (Doc. 41 at 12.)   Consistent with Rule 11, Brumett was advised of his right to appeal from the sentence.   No appeal was taken.

## The Petition

On May 6, 2010, Brumett filed this § 2255, requesting a re-sentencing.   Brumett contends that the § 2250(a) violation for which he was convicted is a misdemeanor offense carrying a maximum term of imprisonment of only 12 months.   He asks that the sentence be lowered and that the Court vacate the term of supervised release.   Brumett states that his prior conviction in California giving rise to the SORNA registration requirement was a misdemeanor.   Therefore, argues Brumett, "the violation of a crime should not exceed the initial crime."   (Doc. 37 at 3.)   Brumett also asserts that "my charge was a tier one offense" and "I am a totally innocent person."   *Id.*   Finally, Brumett argues that he failed to pursue a direct appeal because he was "indigent and have had no access to the courts."

The government opposes the petition.

## Discussion

Under 28 U.S.C. § 2255, a prisoner may move the court which imposed his sentence to vacate, set aside, or correct the sentence only if he asserts "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"

4

*United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)). "In this collateral attack upon his conviction, petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief." *United States. v. Gallo-Lopez*, 931 F.Supp. 146, 148 (N.D.N.Y. 1996); *Parsons v. United States,* 919 F.Supp. 86, 88-89 (N.D.N.Y. 1996). "If, upon the Court's review of the record, moving papers, and any attached exhibits and affidavits, 'it plainly appears ... that the movant is not entitled to relief', the Court may summarily dismiss petitioner's motion." *Id*. (citing Rule 4(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code).

It is well settled that habeas corpus may not be used as a substitute for direct appeal, *United States v. Frady*, 456 U.S. 152, 165 (1981), and that a defendant may not raise for the first time in a § 2255 motion those claims that could have been raised on direct appeal. Claims that could have been, but were not, raised on direct appeal are procedurally barred and are not reviewable, unless the defendant "establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged . . . violation.'"  *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1997)); *see Frady*, 456 U.S. at 167-68; *see also United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir. 1995). "Cause" requires that "some objective factor external to the defense impeded counsel's efforts to raise the claim."  *McClesky v. Zant*, 499 U.S. 467, 493 (1991) (citations omitted).   Cause "must be something external to the defendant, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis added).   Such external factors

5

"include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McClesky*, 499 U.S. at 494. "Prejudice" requires a showing that the alleged error "so infected the entire trial that the resulting conviction violates due process." *Frady*, 456 at 168-69

As the government correctly argues, nothing in Brumett's case prevented him from filing a direct appeal of his sentence. During his sentencing hearing on January 12, 2010, he was specifically advised of his right to appeal the sentence imposed by the Court. (Doc. 41 at 17-18.) ("Both the defendant and the government may have the right to appeal this sentence as set forth in Title 18 U.S. Code, section 3742 . . . . Notice of appeal by the defendant must be filed within 10 days of the date judgment is entered on the docket pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure."). Brumett was further told that if he could not pay the costs of an appeal, he had a right to file *informa pauperis* and request the Court to appoint counsel for him. (Doc. 41 at 17.) ("If the defendant is unable to pay the costs of an appeal he has the right to apply for leave to appeal *in forma pauperis* and request the Court to appoint counsel for him."). Finally, Brumett was advised that he could request the Clerk of the Court to prepare and file a notice of appeal on his behalf. Brumett has failed to demonstrate cause or prejudice for his failure to appeal and therefore his claims are procedurally barred.

Even if not procedurally barred, Brumett's claims are utterly without merit. Contrary to his principal claim, a violation of 18 U.S.C. § 2250(a) carries with it a penalty

of up to 10 years in prison.  Brumett acknowledged this fact in both his signed plea agreement and under oath at his change of plea hearing.  Statements made at a plea allocution "carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63 (1977).  Brumett's related assertion that his sentence should have been limited to 12 months because his prior California conviction was a misdemeanor is unavailing as well.  Brumett cites no legal authority for this proposition and the Court is aware of none.  In fact, the federal criminal code includes other instances where a prior conviction for a misdemeanor offense serves as a predicate offense which triggers felony exposure.  *See e.g.*, 18 U.S.C. § 922(g)(9)(prohibiting possession of a firearm by a person with a prior misdemeanor conviction for possession of a firearm); *United States v. Lewis,* 236 F.3d 948, 950 (8th Cir. 2001)(rejecting Eighth Amendment challenge to § 922(g)(9)).

     Brumett also argues that he was convicted of a "tier I" SORNA offense and contends that because of this his sentence should have been limited to a 12 month term.  The Adam Walsh Child Protection and Safety Act of 2006 ("the Walsh Act") was enacted "[t]o protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, to promote Internet safety, and to honor the memory of Adam Walsh and other child crime victims."  Pub.L. No. 109-248, 120 Stat. 587 (July 27, 2006).  Title I of the Walsh Act codified the "Sex Offender Registration and Notification Act," 42 U.S.C. § 16911 et seq.  "The purpose of SORNA is 'to protect the public from sex offenders and offenders against children' by establishing 'a comprehensive national system' for the registration of sex offenders."  *United States v. Zuniga,* 2008 WL

7

2184118, at * 5 (D. Neb. May 23, 2008) (quoting 42 U.S.C. § 16901). "Pursuant to SORNA, each jurisdiction (including each state) must maintain 'a jurisdiction-wide sex offender registry' that conforms to the requirements of SORNA." *Id.* (citing 42 U.S.C. §§ 16911(10), 16912(a)). As well as mandating registration, "SORNA creates a new federal crime for those individuals who fail to register, or to keep their registration current, despite being required to do so by subjecting the sex offender to fines or imprisonment up to ten years, or both." *United States v. Madera*, 528 F.3d 852, 855 (11th Cir. 2008). Codified at 18 U.S.C. § 2250, this provides:

> (a) In general.-Whoever-
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2) (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law; or
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.
>
> 18 U.S.C. § 2250(a).

Offenders must register as offenders for a certain term of years depending upon the severity of the offender's prior offense. 42 U.S.C. § 16911 defines the term "sex offender" and that section places sex offenders into three "tiers" (or types) of offenders. So-called tier I offenders must maintain their registration for 15 years, tier II offenders for 25 years, and tier III offenders for life. 42 U.S.C. § 16915(a). Brumett correctly argues that his prior misdemeanor California conviction is a "Tier I" offense. But this fact only affects the length of Brumett's registration requirement and has no relation to the criminal

8

sanction for a failure to register found at 18 U.S.C. § 2250(a).   Brumett admitted at his change of plea that he was required to register as a sex offender and failed to do so, having traveled in interstate commerce.   The short answer to Brumett's petition is that a § 2250(a) conviction carries with it a up to a 10 year term of imprisonment and a sentencing court has broad discretion to impose a sentence that is within the statutory maximum set by the statute.   *United States v. Caracappa*, Nos. 09-1177-cr, 09-3115-cr, 2010 WL 2884970 (2d. Cir., July 23, 2010).

Finally, Brumett's present contention that he is "a totally innocent person" fails as well.   This unsupported innocence claim flies in the face of his solemn admissions, made under oath, that he was guilty of the charge alleged in the indictment.   As the Second Circuit has observed "unsupported allegations which merely contradict a [defendant's] earlier statements made under oath at his plea allocution" do not provide sufficient grounds for withdrawal of a guilty plea.   *United States v. Gonzalez*, 970 F.2d 1095, 1100-01 (2d. Cir. 1992); *see also United States v. Torres*, 129 F.2d 710, 715 (2d. Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw a guilty plea.")   Of course, his claim of "total innocence" is also inconsistent with his request for a sentence reduction.

## Conclusion

Brumett's claims are procedurally barred due to his failure to pursue an appeal.   But even if not procedurally barred, his claims are without merit.   Therefore I recommend that his petition to correct his sentence (Doc. 37) be DENIED.

Dated at Burlington, in the District of Vermont, this 23rd day of August, 2010.

                                             /s/ John M. Conroy
                                             John M. Conroy
                                             United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73(e); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).